


CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed June 9, 2022

*Mark X. Mullin*
_____
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOE BOB SCROGGINS, | § | CASE NO. 22-41027-MXM-13 |
| | § | |
| Debtor. | § | (Chapter 13) |
| | § | |
| MARINE ONE ACCEPTANCE CORPORATION. | § | |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOE BOB SCROGGINS, | § | |
| | § | |
| Respondent. | § | |

### AGREED ORDER CONDITIONALLY GRANTING MARINE ONE ACCEPTANCE CORPORATION'S MOTION FOR RELIEF FROM AUTOMATIC STAY [Dkt. 22]

Came on for consideration the Motion for Relief from Automatic Stay [Dkt. No. 22] ("Motion") filed by Marine One Acceptance Corporation ("Marine One") and responded to by Debtor Joe Bob Scroggins ("Debtor"). By the Motion, Marine One seeks relief from the automatic stay to protect its interests in the Retail Installment Contract and Security Agreement executed by Debtor on or about October 27, 2020 ("Contract"), and Debtor's 2018 fifth wheel recreational vehicle, model "XLR Nitro, Toy Hauler Series," Model No. 29DK5, VIN 4X4FXLE21JK165131, manufactured by Forest River, Inc. ("Collateral"). The Court, having considered the agreement of counsel as indicated below, finds that good cause exists to grant the Motion and for the entry of this Order, it is hereby:

ORDERED, ADJUDGED, and DECREED the Debtor has stipulated Marine One's claim in the Collateral is fully secured; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtors maintains insurance on the Collateral as required in the Contract; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtor pays, via the standing Chapter 13 trustee, monthly adequate protection payments in the amount of $769.39 to Marine One; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtor makes payment, via the standing Chapter 13 trustee, to Marine One for any deficiencies in previous adequate protection payments that were less than $769,39, with such payment of deficiencies due to the Chapter 13 trustee within 14 days of this Order; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral throughout any Chapter 13 plan, if one is confirmed in this case, so long as Debtor makes monthly payments to Marine One, through the standing Chapter 13 trustee, in the amounts of $769.39; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtor makes the collateral available to Marine One, upon Marine One's written request, for the installation of a geolocation positioning system device ("GPS Device"), which will be Marine One's sole property, and which may be hardwired into the Collateral's electrical system; it is further

ORDERED, ADJUDGED, and DECREED the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtor provides Marine One an opportunity to inspect the Collateral at such times as Marine One may request, provided Marine One send a written notice sent to Debtor at least 14 days before the date of any such inspection, which will occur in Tarrant County, Texas, unless otherwise provided by Marine One's written consent;

ORDERED, ADJUDED, and DECREED that the automatic stay shall conditionally remain in effect as to the Collateral so long as Debtor does not affix the Collateral to real property without first receiving Marine One's prior written consent;

ORDERED, ADJUDGED, and DECREED that in the event:

1. Debtors are 15 days or more late on a post-petition payment to the standing Chapter 13 trustee more than 2 times, including any post-petition payment required by this Order;

2. Debtor fail to maintain insurance on the Collateral as required in the Contract;

3. Debtor fails to permit Marine One to install a GPS Device to the Collateral;

4. Debtor tampers with the GPS Device, disables the GPS Device, prevents the GPS Device from receiving electrical power such that it is no longer

        functional, or interferes with the GPS Device's ability to transmit or receive signals; or

5. Debtor fails to prevent any person, other than Marine One, or its authorized representative, from tampering with the GPS Device, disabling the GPS Device, preventing the GPS Device from receiving electrical power such that it is no longer functional, or interfering with the GPS Device's ability to transmit or receive signals; or

6. Debtor fails to make the Collateral available to Marine One for inspection as provided by this Order;

then, the automatic stay will immediately terminate as to Marine One and the Collateral without further motion, notice, or order of the Court, and Marine One shall be allowed to take any and all steps necessary to exercise any and all rights and remedies it may have in the Collateral.

###END OF ORDER###

**AGREED TO FORM AND SUBSTANCE;**

By:/s/ *Scott R. Larson*
Randall K. Lindley
Texas Bar. No. 12367300
rlindley@bellnunnally.com
Scott R. Larson
Texas Bar No. 24097971
slarson@bellnunnally.com

**BELL NUNNALLY & MARTIN LLP**
2323 Ross Ave., Suite 1900
(214) 740-1400 Telephone
(214) 740-1499 Facsimile

**ATTORNEYS FOR MARINE ONE ACCEPTANCE CORPORATION**

By: /s/ *Eric A. Maskell, with permission*

Christopher M. Lee
State Bar No. 24041319
Eric A. Maskell
State Bar No. 24041409

**LEE LAW FIRM, PLLC**
8701 Bedford Euless Rd, Ste. 510
Hurst, TX 76053
469.646.8995 Phone
469.694.1059 Fax

**ATTORNEY FOR DEBTOR JOE BOB SCROGGINS**